**PROPOSED DISCOVERY PLAN/SCHEDULING ORDER**[1]
**(Magistrate Judge Lee G. Dunst)**

**Case No.:** 25-cv-06969 **Date of Initial Conference:** Sept. 1, 2026

Plaintiff(s) (including names of counsel who will appear at the initial conference):
Gerald Nicolas by Emanuel Kataev - Sage Legal LLC

Defendants(s) (including names of counsel who will appear at the initial conference):
Richland Management Company, Inc., Patricia Abrams and Christian Antigua by Mitchell Flachner - Schneider Buchel LLP

## PREPARATION FOR INITIAL CONFERENCE

**1. Rule 26(f) Meeting**

a. Date(s) meeting(s) held:
August 26, 2026

b. Plaintiff(s)' representative(s) who participated:
Emanuel Kataev, Esq.

c. Defendant(s)' representative (s) who participated:
Mitchell Flachner, Esq.

**2. Discovery Exchanged Prior To Initial Conference** *[insert details below]*
none

[1] The parties should consult Judge Dunst's Individual Practice Rules if they need further direction about completion of this form to be filed jointly on ECF at least five (5) business days before the Initial Conference. In completing this form, the parties are reminded that the scope of discovery should be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

3. **Electronically Stored Information (if any)**

a. Have counsel discussed any ESI to be produced?

No

b. Have the parties entered into an ESI protocol?

No

4. **Protective Order (if any)** *[insert expected date of submission for Court approval]*

N/A

5. **Do the parties consent to trial before a magistrate judge pursuant to 28 U.S.C. § 636(c)?**[2]

No

## PHASE 1 DISCOVERY

1. Date for completion of **automatic disclosures** required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made: September 29, 2026.

2. Date for completion of **preliminary discovery** necessary for reasoned consideration of settlement: December 1, 2026.

[2] In the even that this can has been assigned to the Direct Assignment Program pursuant to Administrative Order 2025-14, the parties **must** review and submit **either** (1) a Magistrate Jurisdiction Consent Form, **or** (2) a Direct Assignment Acknowledgement Form, indicating that they have conferred regarding consenting to magistrate judge jurisdiction. These forms can be found at https://www.nyed.uscourts.gov/bulletin-direct-assignment-program.

3. **Settlement Conference and Mediation** *[Select Option 1 or 2 below]*

a. Option 1: Proposed date for initial settlement conference *[any time prior to the commencement of Phase 2 discovery]* failing mediation

b. Option 2: The parties wish to be referred to the EDNY Mediation Program for mediation: yes.

## PHASE 2 DISCOVERY

1. **Deadline** for proposed **amendment of the pleadings** to add claims or join additional parties:[3] December 1, 2026.

2. Anticipated **number** of **depositions**: plaintiff(s): 2-4 defendant(s): 1-3.

3. Date for **completion of fact discovery**: February 2, 2027.

4. **Number** of **expert witnesses**: plaintiff(s): 0 defendant(s): 0.

5. Date for exchange of **expert report(s)**: n/A.

6. Date for **completion** of **expert discovery**: n/A.

7. Date for **submission** of **joint certification of completion of all discovery**: 2/28/27

8. Final date to take the first step in **dispositive motion practice**: 3/31/27 (*Parties are directed to consult the District Judge's Individual Rules regarding such motion practice*).

[3] Any motion to amend the pleadings or join additional parties filed on or after the court-approved deadline will be denied absent a showing of good cause under Fed. R. Civ. P. 16(b)(4). *See Sacerdote v. New York University*, 9 F. 4th 95, 115 (2d. Cir. 2021).

## DIVERSITY JURISDICTION

**If the parties are in federal court pursuant to diversity jurisdiction (*see* 28 U.S.C. § 1332), the parties shall provide the basis for such jurisdiction.[4]**

N/A

[4] The parties are advised to consult the relevant case law on diversity jurisdiction. *See, e.g.*, *Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (relevant factors concerning an individual's domicile); *Quantlab Fin., LLC v. Tower Rsch. Cap., LLC*, 715 F. Supp. 2d 542, 546 (S.D.N.Y. 2010) (discussing citizenship of a partnership); *Techno-TM, LLC v. Fireaway, Inc.*, 928 F. Supp. 2d 694, 696 (S.D.N.Y. 2013) (same for limited liability company); *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (same for corporations); *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (discussing amount in controversy allegations).